**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SANDRA P. THOMPSON** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 2376 ) |
| **FAIRMONT CHICAGO HOTEL,** | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OPINION AND ORDER

This is an employment action brought by Sandra Thompson ("Thompson") against her former employer, the Fairmont Chicago Hotel ("Fairmont"). Fairmont has filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss certain claims that it interprets Thompson to have made in her complaint, which she filed *pro se* before I appointed counsel to represent her in this matter. After Thompson did not respond to Fairmont's motion to dismiss, Fairmont filed a "Motion for Ruling on Motion to Dismiss without further Hearing, in Lieu of Filing a Reply Brief," contending that because Thompson had not responded to its motion, under Local Rule 78.3 this court should grant its motion without further proceedings. Although I decline to grant Fairmont's motion to dismiss without further hearing, for the following reasons, I grant its initial motion to dismiss in part and deny it in part.

I.

In ruling on Fairmont's motion to dismiss, I must accept all well-pled facts in Thompson's complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to Thompson. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal of a claim is proper if a plaintiff has not, at minimum, made enough factual allegations to raise a right to relief above a "speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citations omitted). In addition to the allegations contained in Thompson's complaint, I may consider the attachments to the complaint. *See* FED. R. CIV. P. 10(c); *Help at Home, Inc. v. Med. Capital, LLC*, 260 F.3d 748, 752 (7th Cir. 2001) (citation omitted).

Under these standards, the following must be considered to resolve Fairmont's motion: Thompson alleges that Fairmont hired her as a server/bartender on September 23, 2002. She contends Fairmont fired her on May 18, 2004 when two "white" sales managers falsely claimed that she had not offered them dessert; Thompson's complaint alleges that she offered them both coffee and dessert and they refused both.

Thompson filed a formal Equal Employment Opportunity Commission ("EEOC") charge through the Illinois Department of Human Rights on January 14, 2005; she attaches a copy of the charge to

2

her complaint (the "EEOC charge"). In that charge she contends that she was discharged from her position at Fairmont, and states:

> I believe that I was discriminated against because of my race, Black, and national origin, Bahamian, in violation of Title VII . . . and my age, 40 . . . in violation of the Age Discrimination in Employment Act of 1967.

In the section of the charge indicating on what the discrimination was based, Thompson accordingly checked the boxes for race, national origin, and age. She left blank the boxes for disability, color, sex, and retaliation. The EEOC dismissed Thompson's charge, stating that from its investigation it could not conclude that Fairmont had violated the relevant statutes. The EEOC issued Thompson a notice of her right to sue on January 26, 2005.

Thompson subsequently filed her present complaint on April 21, 2005. Her complaint consists of the standard form complaint in this district for employment discrimination claims, as well as 11 additional paragraphs in a separate, hand-written document entitled "complaint."[1] In paragraph nine of the form complaint, the

---

[1] Also attached to her complaint is her right to sue letter; a copy of her EEOC charge; copies of restaurant receipts apparently related to her allegedly improper discharge; medical documents; and a form letter from the Circuit Court of Cook County, Illinois indicating that a court clerk's search did not disclose any record of misdemeanor or felony charges for the name "Sandra P. Thompson" with a certain birth date. Further, Thompson attaches a document that appears to be a union grievance form written on a form printed by the Hotel Employees & Restaurant Employees Union, AFL-CIO Local 1 ("Union"). In the section of the grievance which indicates the "clause of contract violated," Thompson states that Fairmont did not follow proper disciplinary steps. In the section indicating the "settlement desired," she states that "this is retaliation for

3

paragraph alleging on what the complained-of discrimination was based, Thompson checks the boxes for age, color, national origin, race, and sex. In paragraph twelve, the paragraph indicating the actions Fairmont allegedly took against Thompson, Thompson checks the boxes to indicate that Fairmont 1) terminated her employment, 2) failed to stop harassment, and 3) retaliated against her for asserting her protected rights.

In paragraph twelve Thompson also checks the box marked "other," and in the lines on the complaint for specifying the "other" states that 1) Burhan Culculoglu ("Culculoglu") retaliated against her for reporting his verbal abuse and harassment, and falsified her personnel files; 2) she was injured at work on March 25, 2004 because Fairmont "eradicated" the busboys; 3) she was not given the weekend off even though she had more seniority than white servers who were given the weekend off, which she contends violated the union contract "after the Union informed management to discontinue this practice"; 4) she was terminated less than one month after informing Culculoglu that she needed to start physical therapy and see a chiropractor; and 5) none of her doctor's statements were in her human resources files.

In paragraph thirteen of the form complaint, in which the claimant is to list the facts supporting her claim of

---

informing Union members of their rights and [her] expressing [her] concern about why [she] wasn't having [her] [] weekend off because they were giving it to people with less seniority than [her]self."

discrimination, Thompson states that she was terminated because of a fabricated story made up by two managers who stated that she never offered them dessert, and regardless of the fabrication white servers were never let go for not offering dessert; that white servers were never "documented" when they were late while she was documented for the same reasons; that she was given less "covers" than other servers; that her section was not rotated everyday while white servers' sections were; that her section was not rotated after she filed her grievance; and that she was the only server to be summoned to human resources at least four times a month.

Furthermore, in paragraph sixteen, which indicates the relief requested by the plaintiff, Thompson checks the boxes requesting 1) that the defendant re-employ the plaintiff; 2) any appropriate injunctive relief, lost wages, etc.; and 3) any other relief that the court may find appropriate. Thompson also checks the box (Paragraph 16(f)) that allows the plaintiff to indicate specified requests. In that section Thompson lists a series of questions, including: why were white servers allowed to walk out, sleep on the job, report late to work, and allowed to be punched in early when they were late, when at the same time she was written up; and why had Fairmont never removed false information of a criminal history from her file even when she produced information from the Circuit Court of Cook County that she did not have a criminal history.

5

Thompson attaches a three page handwritten addition to the form complaint that partially duplicates allegations in the form complaint. However, her handwritten addition also alleges that she was injured at work and terminated within one month of providing her doctor's recommendation that she receive physical therapy and chiropractic treatment. She alleges that although she ostensibly was terminated for not offering desert, "the reality of the problem [was] avoiding liability." Moreover, Thompson states that she was subjected to daily harassment after she suffered a work-related injury. She adds that Fairmont had a double standard policy when white servers did something wrong or were insubordinate as opposed to when dealing with employees of color.

## II.

Fairmont's original motion to dismiss seeks to dismiss portions of Thompson's complaint for four reasons. First, Fairmont contends that any allegations in the complaint on the basis of color, sex, disability, and all claims of retaliation and harassment are outside the scope of her EEOC charge. Second, Fairmont argues that I have no jurisdiction over Thompson's "injury" claim because the Illinois Worker's Compensation Act ("IWCA") provides the exclusive remedy to employees for accidental injuries arising out of and in the course of employment. Third, Fairmont argues that any claims based on its collective bargaining agreement must be dismissed because Thompson fails to allege that

6

she exhausted her contractual remedies as required by the § 301 of the Labor Management Relations Act ("LMRA"). Finally, Fairmont contends that Thompson has not satisfied the relevant pleading requirements for a cause of action based on defamation.

## A. Scope of Thompson's EEOC Charge

First, I agree with Fairmont that Thompson's Title VII claims must be dismissed to the extent they are not included in her EEOC charge. As a general rule, a plaintiff bringing claims under Title VII must first raise those claims with the EEOC. *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). As *Cheek* and other decisions have recognized, the test for determining whether a charge encompasses the claims in a complaint is if "there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* In this case, Thompson's EEOC charge alleges she was discharged and discriminated against because of her race, national origin, and age. In the paragraph of her form complaint indicating the bases on which she was discriminated against, she alleges she was discriminated on these bases as well as on the basis of color and sex.

I agree that discrimination on the basis of sex was not part of her EEOC charge and could not reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. The box

7

for "sex" was not checked on her EEOC charge and nothing in her brief description of her charge could possibly hint that her charge was brought on this basis. *See, e.g.*, *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 716 (7th Cir. 2006). Therefore, I dismiss Thompson's allegations of discrimination on the basis of sex.

Fairmont also contends that the allegations that Thompson was discriminated against on the basis of color should be dismissed because they were not part of her EEOC charge and were not reasonably related to the EEOC charge. Other courts have previously concluded that discrimination on the basis of color is not reasonably related to discrimination on the basis of race. *See, e.g.*, *Sullivan v. Presstronics, Inc.*, No. 96 C 7436, 1997 WL 327126, at *2 (N.D. Ill. Aug. 31, 2004). Here, there is nothing in Thompson's EEOC charge alleging she was discriminated against on the basis of color, and no indication that evidence of this type of discrimination would have arisen from an investigation of her discrimination claims on the basis of race. Consequently, I also dismiss Thompson's Title VII allegations of discrimination on the basis of color.[2]

---

[2] Thompson brings her claim for discrimination on the basis of color under both Title VII and 42 U.S.C. § 1981. Because § 1981 does not require claimants to first bring an EEOC charge, *see, e.g.*, *Jenkins v. Blue Cross Mut. Hosp. Ins.*, *Inc.*, 538 F.2d 164, 166 (7th Cir. 1976) (collecting cases), and because Fairmont has articulated no other basis to dismiss Thompson's § 1981 color discrimination charge, I deny Fairmont's motion to the extent it seeks dismissal of that aspect of Thompson's color discrimination claim.

Fairmont also contends that Thompson's discrimination allegations, to the extent they allege that she was retaliated against and harassed, should be dismissed because her EEOC charge only alleges that she was discriminated against by being discharged. It is true that the box for retaliation on Thompson's EEOC charge is not marked, and that her EEOC charge on its face does not allege that she was harassed or retaliated against, but only that she was discharged and discriminated against because of her race and national origin. There is no reasonable basis to conclude that an investigation of her discharge on the basis of her race and national origin would grow into an investigation of complaints about retaliation and harassment.[3] Therefore, I will

---

[3]There are cases in which courts have allowed additional written documents sent to the EEOC to be considered part of the "charge" so that allegations of retaliation or particular types of discrimination included only in those documents and not the original charge are still considered to be included in the charge. *See, e.g., Cheek*, 31 F.3d at 502 (allowing consideration of sworn affidavit); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110-11 (7th Cir. 1992)(considering affidavit); *Box v. A & P Tea Co.*, 772 F.2d 1372, 1375 (7th Cir. 1985) (considering handwritten addendum to charge). This is because the employer would be on notice of these allegations since it would have received these additional written documents. *See Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 665 (7th Cir. 2000); *Novitsky v. Am. Consulting Eng's, L.L.C.*, 196 F.3d 699, 701-02 (7th Cir. 1999). Here, Thompson's complaint contains no indication that any additional information forming part of the charge gave Fairmont any indication that she had additional complaints based on harassment, retaliation, or discrimination on the basis of color or sex. Should Thompson file an amended complaint providing such evidence, I might reconsider this opinion.

9

not consider any of Thompson's claims alleging retaliation or harassment.[4]

Finally, Fairmont contends that Thompson's EEOC charge contains no indication of a disability discrimination claim, but it reads Thompson's current complaint to allege discrimination on the basis of disability. I do not read her complaint to allege discrimination on the basis of disability. Thompson does not check the box for "disability" in paragraph nine of the form complaint. Narrative portions of Thompson's complaint do allege she suffered discrimination after telling her employer she suffered injuries at the workplace and needed medical attention, but this is in the section of her complaint describing actions Fairmont took to discriminate against her on the basis of age, color, national origin, race, and sex. She again brings up discrimination and retaliation in conjunction with her injury and need for medical care in her handwritten attachment to the form complaint, but it is

---

[4]Thompson might argue that her EEOC charge, by merely claiming that she was "discriminated against" on the basis of her race and national origin, is broad enough to include possible allegations that she was harassed due to her race and national origin and retaliated against for complaining about discrimination on this basis. But the law requires that an EEOC charge "detail" the discriminating conduct. *See, e.g.*, *See Connor v. Illinois Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (citing *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999); *Rush*, 966 F.2d at 1110 (7th Cir. 1992)). Here, the only conduct that Thompson's EEOC charge "details" is that she was discharged. It is not reasonable that an investigation of her discharge would have led to an investigation of other circumstances of her employment (such as harassment or retaliation suffered during her employment).

unclear that she is stating a separate claim or elaborating on the claims raised in her form complaint. Because I do not read Thompson's complaint to raise a claim for discrimination based on disability, I deny Fairmont's motion to dismiss this claim as moot.

B. Jurisdiction over Personal Injury Claim

The Fairmont also contends that Thompson's complaint raises a personal injury claim because she alleges she was injured on the job after Fairmont "eradicated" the busboys. It argues that the IWCA bars this claim. Because I find that Thompson has not adequately stated a claim for personal injury, I dismiss this clam to the extent Thompson is seeking to assert it.

The IWCA bars employees from pursuing "common law claims and statutory actions against employers for accidental injuries sustained during the course of employment." *Contreras v. Suncast Corp*., 129 F. Supp.2d 1173, 1183 (N.D. Ill. 2001) (citations omitted). There are four exceptions to the IWCA's exclusivity provision, however, including where: (1) the injury was not accidental; (2) the injury did not arise from employment; (3) the injury did not occur in the course of employment; or (4) the injury is not of a type compensable under the IWCA. *Id.* (citations omitted). Thompson alleges in the complaint that she was injured when Fairmont "eradicated our busboys" but she does not provide specific allegations about what kind of injury she suffered, the circumstances of the injury, whether it was accidental or

11

intentional, or whether her injury was even caused by her employer. Here, even taking the well-pled facts in Thompson's complaint as true, she has not provided enough detail to sufficiently allege any personal injury claim she may be raising, so I dismiss such a claim to the extent Thompson intends to state one.

C. Breach of Collective Bargaining Agreement

Third, Fairmont argues that any claims based on its collective bargaining agreement must be dismissed *solely* on the basis that Thompson fails to allege that she exhausted her administrative remedies as required by the § 301 of the Labor Management Relations Act ("LMRA"). Thompson's complaint does obliquely allege that Fairmont violated its collective bargaining agreement with the union by giving white servers, but not Thompson, weekends off, even though Thompson had more seniority. She further contends that she was discharged without the benefit of the proper disciplinary steps under the collective bargaining agreement.

These allegations appear to be an attempt to state a claim under § 301 of the LMRA, under which an employee may sue her employer for breach of a collective bargaining agreement. Normally, an employee must first exhaust her administrative remedies before bringing such a suit. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163-64 (1983) (citations omitted). However, the failure to exhaust administrative remedies under these circumstances is an affirmative defense. *See, e.g., Williams v.*

*United States Steel, a Div. of USX Corp.*, 70 F.3d 944, 946 (7th Cir. 1995); *see also Mosely v. Board of Educ.*, 434 F.3d 527, 533 (7th Cir. 2006) ("A failure to exhaust is normally considered to be an affirmative defense."); *Vaca*, 386 U.S. at 184 ("[I]f the wrongfully discharged employee himself resorts to the courts before the grievance procedures have been fully exhausted, the employer may well defend on the ground that the exclusive remedies provided by such a contract have not been exhausted.").[5]  Affirmative

---

[5]The two cases that Fairmont cites for the proposition that a motion to dismiss should be granted where a plaintiff has not affirmatively pled that she exhausted her administrative remedies do not support its argument.  Although Fairmont states that the court in *Prudden v. E.J. Brach Corp.*, 946 F. Supp. 572 (N.D. Ill. 1996) dismissed the plaintiff's claim because the employee did not exhaust her administrative remedies, that court, while noting that the plaintiff needed to exhaust his administrative remedies for certain types of § 301 claims, granted the motion to dismiss because the claim was brought outside of the limitations period. *See id.* at 580.  Similarly, while Fairmont argues that the court dismissed the plaintiff's claims in *Teamsters Local 301 v. United Assets Mgmt. Corp.*, No. 99 C 3899, 1999 WL 966960 (N.D. Ill. Oct. 1, 1999) for a failure to exhaust administrative remedies, in that case the plaintiff admitted he had not exhausted his remedies but contended that his claim was not covered by the grievance provisions of the collective bargaining agreement; the court in construing the agreement disagreed and consequently dismissed his claims.  *See id.* at *3.  There are a few decisions from this district that would require plaintiffs to affirmatively plead exhaustion in cases brought against unions under § 301, *see*, *e.g.*, *Rodriguez v. Roofers Local 11*, No. 03 C 3199, 2003 WL 22176081, at *3 (N.D. Ill. Sept. 15, 2003), *Pickens-Kane Moving & Storage v. Int'l Bhd. of Teamsters, Local Union 705*, No. 98 C 4683, 1999 WL 89649, at *4 (N.D. Ill. Feb. 12, 1999).  These two cases both cite *Mautz & Oren, Inc. v. Teamsters, Chauffeurs, and Helpers Union, Local No. 279*, 882 F.2d 1117 (7th Cir. 1989).  In that case, the issue of exhaustion was only before the court because the Union had raised it as an affirmative defense.  *Id.* at 1120.  This Seventh Circuit opinion says nothing about what a plaintiff must plead concerning exhaustion in his complaint.

13

defenses normally need not be anticipated or negated in a complaint, and a motion to dismiss is normally only granted where a plaintiff pleads facts to show that her claim is barred by the affirmative defense. *See, e.g.*, *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718-19 (7th Cir. 1993) (citations omitted) ("A complaint that on its face reveals that the plaintiff's claim is barred by a statute of limitations. . . can be dismissed on a motion to dismiss.").[6] Here, Fairmont has not argued that on the face of her complaint Thompson has pled facts showing she has not exhausted her administrative remedies, only that she has not affirmatively pled that she did so. Therefore, since this is the only basis upon which Fairmont argues this claim should be dismissed, its motion to dismiss this claim is denied.

D. Defamation

Finally, Fairmont contends that Thompson has not satisfied the relevant pleading requirements for a cause of action based on

---

[6]In addition, in its recent decision in *Jones v. Bock*, 127 S. Ct. 910 (2007), the Supreme Court analyzed whether the exhaustion of administrative remedies was an affirmative defense under the Prisoner Litigation Reform Act ("PLRA"). The Court concluded that although exhaustion is required under the PLRA and plaintiffs cannot bring unexhausted claims to court, exhaustion is an affirmative defense because the PLRA is silent on whether exhaustion must be pleaded, and "the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense" that need not be pleaded regardless of policy concerns. *Id.* at 918-22. The same reasoning applies to the LMRA; although exhaustion is clearly required under the LMRA, the LMRA is silent on whether exhaustion is an affirmative defense, so the default rule that it is an affirmative defense should apply here.

14

defamation. However, I find its interpretation of this aspect of her claim to be incorrect. Thompson's complaint refers to an allegation that Fairmont erroneously included in files it maintained about her incorrect information suggesting she had a previous criminal conviction. She contends that its refusal to remove this information from her file was a "racially motivated patent of this company to defame[e] [her] character." Thompson does not allege that she was defamed or that Fairmont improperly shared this information with another party. Because there is no reasonable reading of her complaint that she has even brought a defamation claim, I deny this aspect of Fairmont's motion as moot.

### III.

For the above reasons, I grant in part and deny in part Fairmont's motion to dismiss. I dismiss Thompson's Title VII claims for discrimination on the basis of color, sex, and for retaliation and harassment. I also dismiss any personal injury claim Thompson may have sought to raise in this complaint. In all other respects, I deny Fairmont's motion.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: June 1, 2007